IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| MICHAEL DONALDSON,<br><br>Plaintiff,<br><br>v.<br><br>TRAE FUELS, LLC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 3:18CV00097<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT**

**I.  Introduction**

In October 2013, Defendant Trae Fuels LLC hired Plaintiff Michael Donaldson as the company's financial controller.  In August 2014, after repeated incidents of financial mismanagement, the Company terminated Mr. Donaldson's employment on the basis of poor job performance.  While Mr. Donaldson alleges that his May 2014 cancer diagnosis was the real reason for his termination, and that he is entitled to relief under the Americans With Disabilities Act, the factual allegations in his own Complaint demonstrate that this simply cannot be the case.

Mr. Donaldson alleges that Trae Fuels (and its corporate parent EnviroTech Services) failed to provide him with reasonable accommodations to perform his work (Count 1).  However, there is not one factual allegation in the Complaint setting

forth any instance in which Mr. Donaldson was denied an accommodation. Instead, Mr. Donaldson repeatedly alleges that he did not need **_any_** accommodations. And the only reference in the entire Complaint to the concept of accommodations recites that the Company **_granted_** his request for leave for medical treatment. Because there are no allegations that the Company denied any request for accommodations, Count 1 of the Complaint does not state a claim for relief and must be dismissed.

Mr. Donaldson also alleges that the Company terminated his employment because of his alleged disability. However, Mr. Donaldson's naked allegation that he was diagnosed with cancer and received medical treatment for his condition does not automatically designate him as "disabled" under the ADA. His Complaint contains no factual allegations that he was restricted or impaired, even minimally, from performing any work function or major life activity. Mr. Donaldson specifically alleges that he "experienced no negative symptoms [from his cancer treatment] . . . and was able to maintain a forty to forty-five-hour work week . . . ." Complaint at ¶ 82. Because Mr. Donaldson alleges no restriction or impairment of any kind, either in our outside the workplace, he cannot be classified as "disabled" under the ADA, and his unlawful termination claim should be dismissed.

## II.  Standard of Review

A motion to dismiss should be granted if, taking the factual allegations as true, the complaint states no plausible legal claim for relief. Fed. R. Civ. P. 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While the court must accept the factual allegations set forth in the complaint as true, "the court need not accept

unsupported or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678." *Miller v. Md. Dep't of Natural Res.*, 2018 U.S. Dist. LEXIS 165863, *10-11 (D. Md. 2018).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[T]he complaint must allege sufficient facts to establish each element." *Goss v. Bank of Am., N.A.,* 917 F.Supp.2d 445, 449 (D. Md. 2013) (*quoting Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)), *aff'd sub nom., Goss v. Bank of Am., NA*, 546 F.App'x 165 (4th Cir. 2013).

### III.  Facts Alleged in the Complaint

Mr. Donaldson began working as the controller of Trae Fuels on October 17, 2013. Complaint at ¶ 13.  On May 15, 2014, he was diagnosed with pancreatic cancer. *Id.* at ¶ 37.  Mr. Donaldson was admitted to the hospital on May 19, 2014 for two days with an elevated temperature. *Id.* at ¶ 43.  During this hospital stay, Trae Fuels hired a temporary accountant to assist Mr. Donaldson. *Id.* at ¶ 44.  Immediately after being released from the hospital, Mr. Donaldson flew cross-country to Utah to adopt a newborn baby. *Id.* at ¶ 45.  When he returned to work following the Memorial Day holiday in 2014, the temporary accountant was released because Mr. Donaldson "was functioning well" and the Company[1]

---

[1] "Company" hereinafter refers to Defendants Trae Fuels, LLC and EnviroTech Services, Inc. without waiver of the Defendants' later right, if necessary, to challenge Plaintiff's assertion that EnviroTech is a joint employer. Complaint at ¶¶ 92-99.

determined that Mr. Donaldson "had continued to perform his duties well despite his health issues." *Id.* at ¶ ¶ 47-49.

In June 2014, shortly after his cancer diagnosis and initial treatment, the Company "asked that Plaintiff perform more high-level tasks and that he take on a greater role in instructing [Mr.] Frink [Trae's General Manager] on financial matters." *Id.* at ¶ 74. Mr. Donaldson told the Company he experienced "no negative symptoms –no pain, nausea, vomiting, etc. – and was able to maintain a forty to forty-five-hour work week, even on the weeks that he underwent chemotherapy." *Id.* at ¶ 79-82. As a part of his duties, Mr. Donaldson "performed some HR functions for Trae-Fuels and maintained disciplinary and performance improvement records." *Id.* at 89.

In a heading within the Complaint titled "Plaintiff requested and was ***granted*** reasonable accommodation of time off to attend chemotherapy" (Complaint at p. 8, emphasis supplied), Mr. Donaldson alleges that he would begin chemotherapy on July 3, 2014 at Johns Hopkins in Baltimore. *Id.* at 76. Mr. Donaldson provided his chemotherapy schedule to the Company, told them he could continue working full-time, and the Company "agreed to this plan." *Id.* at ¶ 80.

The Company terminated Mr. Donaldson's employment on August 20, 2014. *Id.* at ¶ 83.

IV. Argument

    A. **The Complaint Alleges That Defendants *Granted*, Not Refused, Mr. Donaldson's Requested Accommodations for Medical Treatment; Count 1 Should be Dismissed**

Count 1 of the Complaint attempts to set forth a claim for "Denial of Reasonable Accommodations" under the Americans with Disabilities Act. Complaint at ¶¶ 101-08. There are four elements necessary to state a claim for failure to accommodate under the ADA:

> To establish a prima facie case for failure to accommodate, an employee must show: (1) she was an individual with a disability within the meaning of the ADA; (2) the employer had notice of her disability; (3) with reasonable accommodation, she could perform the essential functions of the position; and (4) the employer refused to make such accommodations.

*Haneke v. Mid-Atlantic Capital Mgmt.,* 131 Fed. Appx. 399, 400 (4th Cir. 2005). *See also Rhoads v. F.D.I.C.,* 257 F.3d 373, 387 n.11 (4th Cir. 2001); *Crabill v. Charlotte Mecklenburg Bd. of Educ.,* 423 Fed. Appx. 314, 322 (4th Cir. 2011).

Nowhere in Mr. Donaldson's Complaint is there any allegation that the Defendants refused to make an accommodation for him. Nor is there any allegation that Mr. Donaldson actually made any request for any accommodation to perform his job at any time. As a foundational matter, Mr. Donaldson repeats throughout his Complaint that his cancer diagnosis and treatment did not impair his ability to perform his job for Trae Fuels in any way. Complaint at ¶¶ 47, 49, 53, 74-75, 79, 81, 82, 83, 103, 111. He does not allege that he suffered any workplace limitations whatsoever. *Id.* Given this backdrop, any request for an accommodation would have

been superfluous.  Ultimately, the failure to allege an essential element of the denial of accommodation claim must result in the dismissal of that claim.

After completing his factual recitation in paragraphs 1 through 100, Mr. Donaldson sets forth his legal claim for denial of reasonable accommodations in paragraphs 101-08 of the Complaint (Count 1).  This section of the Complaint is logically and legally deficient.  In paragraph 108, Mr. Donaldson alleges: "By terminating Plaintiff, Defendants denied Plaintiff's request for reasonable accommodations and refused to engage in an interactive process to identify reasonable accommodations."  But the fact remains that Mr. Donaldson's Complaint does not identify any request he ever made for an accommodation, let alone the type of accommodation that might be required for a man experiencing "no negative symptoms" and able to work "forty to forty-five hours per week."  The only request that Mr. Donaldson alleges in the Complaint is his request for leave for medical treatment; that request was ***granted*** by the Company. Complaint at ¶¶ 76-82.  A naked conclusory statement that the termination itself constitutes a denial of accommodation makes no logical sense and does not articulate a legal claim under the ADA.

Further, Mr. Donaldson makes no factual suggestion of what sort of "interactive process to identify reasonable accommodations" the Company should have undertaken.  Again, because the Plaintiff claims repeatedly in his Complaint that he was not impaired in any way, this allegation appears to simply be a recitation of the EEOC's regulations on this topic. *See* 29 C.F.R. 1630 (EEOC

Interpretive Guide).  Finally, "an employee cannot base a reasonable accommodation claim solely on the allegation that the employer failed to engage in an interactive process." *Walter v. United Airlines, Inc.*, 2000 U.S. App. LEXIS 26875, *11 (4th Cir. 2000).

Count 1 of the Complaint should be dismissed for failure to plead an essential element of the claim: that the Defendants refused to provide Mr. Donaldson with a reasonable accommodation.  Plaintiff should not be granted leave to amend this claim because any such amendment would be futile given that Mr. Donaldson has affirmatively pled exactly the opposite – that is, the only accommodation he did need (medical leave for treatment) was in fact ***granted*** by the Defendants.

**B.    The Complaint Alleges That Mr. Donaldson Was Not Impaired or Disabled In Any Way and Therefore the ADA Does Not Apply**

Count 2 of the Complaint attempts to set forth a claim for "Discrimination on the Basis of Disability – ADA."  However, there is not one well-pled allegation in the Complaint setting forth a factual basis to support a claim that Mr. Donaldson meets the definition of "disabled" under the ADA.

Under the ADA, a "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A).  Thus, under the statute, there are two separate and distinct components to the definition – the "substantial limitation" prong and the "major life activities" prong.  Plaintiff will undoubtedly claim that because "cell growth" and "digestive functions" are made a part of the "major life activities" prong by operation

of 42 U.S.C. § 12102(2(B) that he is "disabled" by virtue of the allegation in ¶ 40 of the Complaint: "Plaintiff's pancreatic cancer was a physical limitation that substantially limited his major bodily functions regarding his normal cell growth and his digestive functions." But the allegation in ¶ 40 of the Complaint is just the sort of "threadbare recital[] of the elements of a cause of action" that was expressly prohibited by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court was even more strident on this point in *Twombly:* "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Setting aside the formulaic recitation of the statute in ¶ 40, what does the Complaint actually allege? Mr. Donaldson claims that he experienced "no negative symptoms –no pain, nausea, vomiting, etc. – and was able to maintain a forty to forty-five-hour work week, even on the weeks that he underwent chemotherapy." *Id.* at ¶ 79-82. Immediately following his two-day stay in the hospital he boarded a plane, travelled to Utah, and adopted a newborn baby. *Id.* at ¶ 45. It is simply not possible to reconcile the specific facts alleged by Mr. Donaldson regarding his ability to travel across the country, work long hours with no pain and no fatigue, and experience no digestion issues, with his formulaic disability allegation in ¶ 40. Allowing the recitation of the statutory allegations in ¶ 40 to countervail the specific facts alleged by Mr. Donaldson regarding his condition would elevate form over substance and reward a litigation strategy of "pleading to the statute."

The ADA Amendments Act of 2008, while intended to expand the definition of "disability," has no effect on the foregoing analysis. It is clear that the statute still contains two prongs – and that Mr. Donaldson has failed to offer any well-pled allegations to support the substantial impairment prong. *See, e.g., Miller v. Md. Dep't of Natural Res.*, 2018 U.S. Dist. LEXIS 165863, *16 (D. Md. 2018) ("But nowhere in the First Amended Complaint appear allegations related to Miller's neurological system, let alone allegations that connect the function of his neurological system to his purported impairments.").

Other courts addressing this question have determined that a cancer diagnosis does not automatically establish "disability" status under the ADA. In *Signore v. Bank of Am., N.A.,* 2013 U.S. Dist. LEXIS 145649, *20-22 (E.D. Va. 2013), a former bank employee brought an ADA claim based on her two prior bouts of cancer and Hodgkin's lymphoma. She complained of "fatigue and lack of stamina" as a result of those medical issues. After an extensive analysis, the Court concluded that the former employee failed to meet the substantial impairment prong of the disability definition:

> [H]aving a physical or mental impairment is not sufficient on its own to establish a disability under the ADA, nor is showing that the impairment merely affects one or more major life activities. Instead, an individual must also show she is *substantially limited* as a result of the impairment. The implementing regulations clarify that "substantially limits" "shall be construed broadly in favor of expansive coverage" and need not "prevent, or significantly or severely restrict, the individual from performing a major life activity." 29 C.F.R. § 1630.2(j). Nonetheless, "not every impairment will constitute a disability" and an individual must be limited "as compared to most people in the general population." *Id.*

> Plaintiff simply alleges that she suffers from fatigue and lack of stamina at the end of the day due to her prior battles with breast cancer and Hodgkin's lymphoma. Am. Compl. ¶ 20. Plaintiff felt that she "might" not be able to shop for the snacks after a full ten hour workday because of that fatigue. *Id.* She says that she "was not able to participate fully in extracurricular activities" because of having had cancer twice. *Id.* ¶ 19. . . **_Plaintiff has made no claim that she could not handle the regular demands of the work week, nor does she provide specific information about any impact of her alleged impairment on her life's activities other than implying that she may have been too tired on one occasion to shop after work_**. *Cf. Nance v. Quickrete Co.*, 2007 U.S. Dist. LEXIS 40872, 2007 WL 1655154, at *3 (W.D. Va. June 5, 2007) (finding that a plaintiff was not disabled where "his only limitation is being able to drive a truck more than eleven hours a day"). Plaintiff simply has failed to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S., at 570.

*Id.* at *20-22 (emphasis added).

Further, the Fourth Circuit has determined that an employee able to work a full forty-hour week despite being diagnosed with heart ailments and leukemia was not disabled under the ADA. *Boitnott v. Corning Inc.,* 669 F.3d 172 (4th Cir. 2012). The Court concluded that the "inability to work overtime does not constitute a "substantial" limitation on a major life activity under the ADA." *Id.* at 176. This Court recently arrived at a similar conclusion in *Cash v. Magic City Motor Corp.,* 2017 U.S. Dist. LEXIS 8128 (W.D. Va. 2017). In *Cash,* this Court rejected an employee's claim that he was actually disabled within the meaning of the ADA, holding that "[h]e has alleged no aspect of his work that he was unable to do or was otherwise limited in performing." *Id.* at *9. Mr. Donaldson's Complaint suffers the same infirmity; he repeats throughout his Complaint that his cancer diagnosis and treatment did not impair his ability to perform his job for Trae Fuels in any way. Complaint at ¶¶ 47, 49, 53, 74-75, 79, 81, 82, 83, 103, 111.

Finally, Mr. Donaldson parrots the definition of "disability" again in ¶ 113 of the Complaint by alleging that the Defendants "regarded Plaintiff as disabled." The "regarded as" language appears in 42 U.S.C. § 12101(1)(C). But again, setting aside the boilerplate recitation of the statutory language in ¶ 113, the actual specific factual allegations in the Complaint are directly at odds with the "regarded as" claim.

- In ¶¶ 47-49 Mr. Donaldson alleges that the Company dismissed the temporary accountant assigned to assist Mr. Donaldson because the Plaintiff was "functioning well."
- In ¶ 74, Mr. Donaldson alleges that his supervisors asked him to perform "more high-level tasks and that he take on a greater role in instructing [Mr.] Frink on financial matters."
- In ¶¶ 78-80, Mr. Donaldson alleges that he told the Company that he would still be able to work forty-hour work weeks while undergoing chemotherapy. "Envirotech and Trae-Fuels agreed to this plan."
- In ¶ 89, Mr. Donaldson alleges that he performed "HR functions for Trae-Fuels and maintained disciplinary and performance improvement records."

Thus, every specific factual allegation runs counter to the concept that the Defendants regarded Mr. Donaldson as disabled. The Company dismissed the assistant accountant, asked Mr. Donaldson to take on more responsibility, assigned

him human resources and supervisory tasks, and accepted his plan to work full-time-plus.

This Court in *Cash v. Magic City Motor Corp.*, did find that the employee had "just barely" pled sufficient facts to meet the "regarded as" standard under the ADA. But the factual allegations in *Cash* were different. As a result of his condition, Mr. Cash asked to be transferred to Roanoke or work half days in his regular work location in Lexington. *Id.* at *2. His supervisor threatened to fill his Lexington position with another employee and "expressed anger and referenced a prior surgery that left Cash unable to work." *Id.* at *2-3, 13-14.

The *Cash* factual allegations stand in stark contrast to Mr. Donaldson's claims here in which he contends his supervisor asked him if he wanted to work part-time, Donaldson said "no," and the Company then agreed to a plan in which he continued to take on more responsibility and log forty to forty-five hours each week. Complaint at ¶¶ 51, 53, 74, 79-82. There is no factual allegation that supports a reasonable inference that ***at the time*** Mr. Donaldson was terminated on August 20, 2014, the Defendants regarded him as disabled. He had not requested, nor did he need, any accommodations. The temporary assistant had been let go. Mr. Donaldson was assigned more responsibilities "on financial matters." Mr. Donaldson worked long hours with no complaints or references to his condition.

This Court noted in *Cash* that there is a fundamental difference between the employer's knowledge regarding an employee's condition and whether the employer actually "regarded" the employee as disabled. *Id.* at *12-13. Mr. Donaldson has

alleged that the Defendants had notice of his cancer diagnosis. However, those "notice" allegations do not come close to supporting the conclusion, given the other factual allegations in the Complaint, that the Defendants "regarded" Mr. Donaldson as disabled or impaired for the purposes of the ADA.

Ultimately, Mr. Donaldson has alleged that he was not impaired in any tangible way by his cancer diagnosis or treatment and does not allege that the Company treated him as disabled or in any manner different from any other employee. Count 2 should be dismissed without leave to amend.

**V.     Conclusion**

The Court is required to accept as true the factual allegations in Plaintiff's Complaint. In reviewing the allegations in the Complaint, however, the Court must engage in a "context-specific task" that requires the reviewing court to draw on its "judicial experience and common sense" to determine if the Complaint actually states a cause of action. *Iqbal,* 556 U.S. at 679. Reviewed under the *Iqbal* standard, the factual allegations in the Complaint demonstrate that the Defendants did not refuse to accommodate Mr. Donaldson in any way in connection with his employment. Therefore, Count 1 of the Complaint should be dismissed.

The factual allegations also demonstrate that Mr. Donaldson experienced no impairments with any cognizable effects on his ability perform work for the Defendants or on the Defendants' perception of his ability to perform work or engage in any major life function. As a result, Mr. Donaldson is not "disabled" under the ADA and Count 2 should also be dismissed.

Dated: November 28, 2018.

                    Respectfully submitted,

                    /s/ Jackson S. Nichols
                    _____

                    Jackson S. Nichols, Esq.
                    (VSB # 87225)
                    Cohen Seglias Greenhall Pallas & Furman PC
                    1828 L. Street, N.W.
                    Suite 705
                    Washington, D.C.  20036
                    (202) 466-4110
                    JNichols@CohenSeglias.com

                    --and—

                    /s/ Lars H. Liebeler
                    _____

                    Lars H. Liebeler, Esq. *(admitted pro hac vice)*
                    Lars Liebeler PC
                    1828 L. Street, N.W.
                    Suite 705
                    Washington, D.C. 20036
                    (202) 587-4747
                    LLiebeler@LHL-LawFirm.com

## CERTIFICATE OF SERVICE

This is to certify that I have on November 28, 2018 served all the parties in this case with this **Brief in Support of Motion to Dismiss** in accordance with the notice of electronic filing ("ECF"), which was generated as a result of electronic filing in this court.

/s/ Lars H. Liebeler
_____
Lars H. Liebeler, Esq.