UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| MICHAEL DONALDSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 3:18CV00097 |
| TRAE-FUELS, LLC | ) |
| and | ) |
| ENVIROTECH SERVICES, INC., | ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Trae-Fuels, LLC ("Trae Fuels") and EnviroTech Services, Inc. ("EnviroTech"), by and through undersigned counsel, hereby file their Answer and Grounds of Defense to the Complaint filed by Plaintiff Michael Donaldson on October 10, 2018 ("Complaint").

### Preliminary Statement

1. Defendants admit that "Plaintiff took a job as a controller of" Trae Fuels in 2013. The allegation that Trae Fuels was "effectively run by" EnviroTech is denied. Defendants are without sufficient information to confirm or deny the allegation concerning the date and fact of Plaintiff's pancreatic cancer diagnosis, and therefore deny the same. The remaining allegations of paragraph 1 are denied.

2. Defendants admit that the EEOC issued a Determination on or about June 27, 2018. Plaintiff's summary and characterization of the EEOC Determination is inaccurate.

3. On information and belief, Defendants admit that Plaintiff survived his cancer. The remaining allegations in paragraph 3 are legal statements which Defendants are not required to answer.

## Jurisdiction and Venue

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 4.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 5.

## Parties

6. Defendants admit that Plaintiff is a former employee of Trae Fuels. The remaining allegations in paragraph 6 are denied.

7. Defendants admit that Trae Fuels is an employer located in Bumpass, Virginia. The remaining allegations in paragraph 7 are denied.

8. Defendants admit that EnviroTech is an employer located in Greeley, Colorado. The remaining allegations in paragraph 8 are unclear and lack specificity, and Defendants therefore deny the same.

9. The allegations in paragraph 9 are unclear and lack specificity with regard to their time frame. Accordingly, Defendants are without sufficient information to confirm or deny the allegations and therefore deny the same.

## Exhaustion of Administrative Remedies

10. Paragraph 10 states a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 10.

11.     Defendants admit that the EEOC issued a Determination on June 27, 2018.  The document speaks for itself and Defendants deny Plaintiff's characterization and summary of the document.

12.     Defendants are without sufficient information to confirm or deny the allegations in Paragraph 12, and therefore deny the same.

### Facts

13.     Denied.

14.     Admitted.

15.     Admitted.

16.     Denied.

17.     Denied.

18.     Admitted.

19.     Defendants are without sufficient information to confirm or deny the allegations in Paragraph 19, and therefore deny the same.

20.     Defendants are without sufficient information to confirm or deny the allegations in Paragraph 20, and therefore deny the same.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Defendants are without sufficient information to confirm or deny the allegations in Paragraph 25, and therefore deny the same.

26.     Admitted.

27. Defendants are without sufficient information to fully confirm or deny the allegations in Paragraph 37, but admit that Plaintiff was offered the controller position.

28. Admitted.

29. Denied.

30. Admitted.

31. Denied.

32. Denied.

33. Admitted.

34. Denied.

35. Denied.

36. Denied.

37. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 37, and therefore deny the same.

38. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 38, and therefore deny the same.

39. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 39, and therefore deny the same.

40. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 40, and therefore deny the same.

41. Denied.

42. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 42, and therefore deny the same.

43. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 43, and therefore deny the same.

44. Defendants are without sufficient information to confirm or deny the allegation of that date that Plaintiff was discharged from the hospital, and therefore deny the same. Defendants admit that Trae Fuels hired a temporary accountant to assist Plaintiff.

45. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 45, and therefore deny the same.

46. Admitted.

47. Admitted.

48. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 48, and therefore deny the same.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Admitted.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied as to the date alleged. The remaining allegations are admitted.

62. Denied as to the date alleged in paragraph 61. The remaining allegations are admitted.

63. Denied as to the date alleged in paragraph 61. The remaining allegations are admitted.

64. Denied as to the date alleged in paragraph 61. The remaining allegations are admitted.

65. Denied as to the date alleged in paragraph 61. The remaining allegations are admitted.

66. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 66, and therefore deny the same.

67. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 67, and therefore deny the same.

68. Admitted.

69. Denied as to "Aleman paused"; otherwise admitted.

70. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 67, and therefore deny the same.

71. Admitted.

72. Admitted.

73. Denied.

74. Admitted.

75. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 75, and therefore deny the same.

76. Admitted.

77. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 77, and therefore deny the same.

78. Admitted.

79. Admitted.

80. Admitted.

81. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 81.

82. Defendants admit that Plaintiff was able to maintain a forty to forty-five-hour work week, even on weeks that he underwent chemotherapy.

83. Admitted that Plaintiff was terminated on August 20, 2014. Denied as to the implication that Plaintiff's job performance was satisfactory.

84. Defendants deny that Aleman provided no explanation for the firing. Defendants admit the remaining allegations.

85. Denied.

86. Denied.

87. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 87, and therefore deny the same.

88. Defendants are without sufficient information to confirm or deny the allegations in Paragraph 88, and therefore deny the same.

89. Admitted.

90. Denied.

91. Denied.

92. Denied.

93. Admitted.

94. Denied.

95. Denied.

96. Denied.

97. Admitted.

98. Admitted.

99. Admitted.

## Demand for Jury Trial

100. Paragraph 100 requests a jury trial, and no response is required.

## Count I – Denial of Reasonable Accommodations ADA

101. Paragraph 101 incorporates previous allegations, and accordingly no response is required.

102. Denied.

103. Denied.

104. Denied.

105. Paragraph 105 states a legal conclusion to which no response is required. Plaintiff did not request or require any accommodation and Defendants did not deny any request for accommodation.

106. Denied.

107. Denied.

108. Denied. Defendants demand strict proof of any damages alleged by Plaintiff.

## Count II – Discrimination on the Basis of Disability -- ADA

109. Paragraph 109 incorporates previous allegations, and accordingly no response is required.

110. Denied.

111. Denied. Irrespective of accommodations, Plaintiff failed to carry out his job functions.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied. Defendants demand strict proof of any damages alleged by Plaintiff.

### General Defense

Plaintiff's complaint fails to state a claim upon which relief can be based and therefore the Complaint should be dismissed.

An award of attorneys' fees and costs should be made in favor of Defendants.

Dated: June 4, 2019

                Respectfully submitted,

                /s/ *Jackson S. Nichols*
                _____
                Jackson S. Nichols, Esq. (VSB # 87225)
                Cohen Seglias Greenhall Pallas & Furman PC
                1828 L. Street, N.W., Suite 705
                Washington, D.C.  20036
                (202) 466-4110
                JNichols@CohenSeglias.com

                --and—

/s/ *Lars H. Liebeler*

_____
Lars H. Liebeler, Esq.
*(admitted pro hac vice*)
Lars Liebeler PC
1828 L. Street, N.W., Suite 705
Washington, D.C. 20036
(202) 774-1510
LLiebeler@LHL-LawFirm.com

**CERTIFICATE OF SERVICE**

This is to certify that I have on June 4, 2019 served all the parties in this case with this **Defendants' Answer** by filing this document through the ECF system.

/s/ *Lars H. Liebeler*

_____
Lars H. Liebeler, Esq.