IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| MICHAEL DONALDSON, ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 3:18CV00097 |
| TRAE FUELS, LLC., et al. ) | |
| Defendants. ) | |

### DECLARATION OF CHRIS LAROCCO

I, Chris LaRocco, am over the age of 18 and make this declaration on personal knowledge.

1. I am a corporate strategist at EnviroTech Services, Inc. and held that position during the entire time that Michael Donaldson was controller of Trae Fuels – October 2013 to August 2014.

2. In my role as strategist, I exercised oversight over Mr. Donaldson in the area financial operations. I had regular interactions with Mr. Donaldson throughout his employment.

3. I first became aware that Michael Donaldson was having difficulty meeting our expectations for him as controller of Trae Fuels in the early Spring of 2014 (February or March). His financial reports were frequently inaccurate and missing important data.

4. On June 4, 2014 Beth Aleman (EnviroTech HR Manager), John Frink (Trae Fuels General Manager) and I met with Michael Donaldson for an employee review and evaluation. Beth Aleman wrote up an "Employee Counseling Notice" which is attached as Exhibit 3. The notice accurately summarizes what we talked about at the meeting. I specifically told Michael that he needed to communicate better with John Frink, and that he needed to make decisions faster, know the inventory at all times, and know how the inventory correlates with the financials. He was not performing well in these areas.

5. During the June 4 meeting we put Michael on a two-week "probation" period. I gave Michael a "scorecard" of critical financial information so that he would know exactly what was expected of him. I emailed Beth Aleman and Kevin Whyrick on June 9, 2014 to let them know I had given Michael the scorecard. Exhibit 11.

6. During my visit to the Trae Fuels plant during the first week of June 2014, I made a comprehensive review of the plant operations. On June 5, 2014, I emailed a summary of my observations to Kevin Whyrick and others on the executive team at EnviroTech. Exhibit 12. In my summary I wrote that it was my belief that Michael Donaldson was "over analytical" and that he "lacks the ability to translate Trae's finances into actionable plans (predictive). He is also lacking in the confidence to voice his concerns to John in a way that protects them from missing profitability expectations and cash management objectives (financial analysis)."

7. On June 20, 2014, I again visited the Trae Fuels plant. During my visit Michael told me he was upset about the June 4 employee counseling session and by the fact that he had been placed on probation. I emailed this information to Kevin Whyrick and Beth Aleman. Exhibit 13.

8. I was able to review Michael Donaldson's work in the two-week period after the June 4, 2014 meeting. I found that he did not make any significant improvements in the quality of his work. On June 26, 2014, I wrote a memo to the file recording my observations about his work for the period June 4 to June 20. Exhibit 4. Of particular concern to me was his cash flow analysis on June 9. As I wrote in my memo, "the work product was substandard and unpresentable to the ownership."

9. I became aware in May 2014 that Michael was undergoing treatment for cancer that needed to take some Fridays off the chemotherapy. John Frink, the GM of Trae Fuels, and the management team at EnviroTech told Michael this was fine.

10. Michael never told me that he had any symptoms or side effects related to his health that affected his ability to work.

11. While I was counseling and evaluations Michael's work performance I based my comments on his work performance only. His health condition played no role in my evaluation of his work; it just wasn't relevant to me.

12. Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Date: 10-29-2019

Chris LaRocco