IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |  |
|---|---|---|
| MICHAEL DONALDSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Case No.: 3:18CV00097 |
| TRAE FUELS, LLC., et al. | | |
| Defendants. | | |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Fed. R. Civ. P. 56, and Local Rule 56, Defendants Trae Fuels, LLC and EnviroTech Services, Inc. hereby submit their statement of material facts as to which there is no genuine dispute:

1. Plaintiff Michael Donaldson experienced no symptoms in connection with his illness that affected his ability to perform his work for the Defendants. Complaint at ¶ ¶ 79-82; Donaldson Dep. Tr. at 10, Exhibit 15.

2. Plaintiff Michael Donaldson worked 40-45 hours per week after he was diagnosed with cancer.  Complaint at ¶¶ 79-82; Donaldson Dep. Tr at 10, Exhibit 15.

3. Plaintiff Michael Donaldson requested a modification to his work schedule to allow him to attend chemotherapy treatment every other Friday.  The

Defendants granted Mr. Donaldson's request. Complaint at ¶ 80; Donaldson Dep. Tr. at 12, Exhibit 15.

4. Plaintiff Michael Donaldson did not request any workplace accommodation to assist him in performing his work after he was diagnosed with cancer. Plaintiff's Interrogatory Response No. 10, Exhibit 14; Donaldson Dep. Tr. at 35-36, Exhibit 15.

5. Plaintiff Michael Donaldson did not need any workplace accommodation to assist him in performing his work after he was diagnosed with cancer. *Id.*

6. Plaintiff Michael Donaldson received correction and criticism of his work performance prior to being diagnosed with cancer. Aleman Declaration; Whyrick Declaration; Mills Declaration; LaRocco Declaration.

7. Plaintiff Michael Donaldson received correction and criticism of his work performance after being diagnosed with cancer. Aleman Declaration; Whyrick Declaration; Mills Declaration; LaRocco Declaration.

8. Plaintiff Michael Donaldson was required to attend an employee counseling session meeting on June 4, 2014 with his superiors the subject of which was to discuss deficiencies in his work performance. Aleman Declaration at ¶ 9; Exhibit 3.

9. On or about June 4, 2014 the Trae Fuels line of credit was overdrawn. Mr. Donaldson's supervisors believed that the event was avoidable and that Mr. Donaldson was responsible for ensuring that the line of credit would not be overdrawn. Whyrick Declaration at ¶ 7; Exhibit 4.

10. Defendants' believed and documented their belief that Plaintiff's work performance did not materially improve after the employee counseling session on June 4, 2014. Aleman Declaration; Whyrick Declaration; Mills Declaration; LaRocco Declaration.

11. On July 17, 2014, Beth Aleman met with Kevin Whyrick and Chris LaRocco to discuss Michael Donaldson's progress. Aleman Declaration at ¶ 13. Ms. Aleman took handwritten notes at the meeting in which Mr. Donaldson's lack of accountability and lack of execution were discussed. Exhibit 5. The discussion specifically noted Mr. Donaldson's "lack of involvement in financial accountability to investors." *Id.*

12. On August 4, 2014, Plaintiff Michael Donaldson's supervisor Beth Aleman sent Mr. Donaldson and email alerting him that he had failed to submit insurance documents for new employees before the end of the month deadline. Exhibit 6.

Dated: October 31, 2019.

Respectfully submitted,

/s/ Jackson S. Nichols
_____
Jackson S. Nichols, Esq.
(VSB # 87225)
Cohen Seglias Greenhall Pallas & Furman PC
1828 L. Street, N.W.
Suite 705
Washington, D.C.  20036
(202) 466-4110
JNichols@CohenSeglias.com

--and—

/s/ Lars H. Liebeler

_____

Lars H. Liebeler, Esq. *(admitted pro hac vice)*
Lars Liebeler PC
1828 L. Street, N.W.
Suite 705
Washington, D.C. 20036
(202) 774-1510
LLiebeler@LHL-LawFirm.com