IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL DONALDSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 3-18-cv-00097 |
| | ) | |
| v. | ) | |
| | ) | |
| TRAE FUELS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Michael Donaldson, through undersigned counsel, hereby respectfully submits the following proposed jury instructions. Although Plaintiff and Defendants have reached agreement on several proposed instructions, Plaintiff objects to the Defendants' proposed instructions to the extent they differ from Plaintiff's.

Dated: December 4, 2019                Alan Lescht and Associates, PC

                                                By:     /s/Jack Jarrett_____
                                                          Jack Jarrett (VSB #86176)
                                                          1825 K Street, NW, Suite 750
                                                          Washington, DC 20006
                                                          T: 202.463.6036
                                                          F: 202.463.6067
                                                          jack.jarrett@leschtlaw.com
                                                          *Counsel for Plaintiff*

**Plaintiff 1**

**PRELIMINARY INSTRUCTIONS**

**Juror Attentiveness**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

Modern Federal Jury Instructions – Civil 71-1 (Matthew Bender)

**Plaintiff 2**

**Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Modern Federal Jury Instructions – Civil 71-2 (Matthew Bender)

**Plaintiff 3**

**Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Modern Federal Jury Instructions – Civil 71-3 (Matthew Bender)

**Plaintiff 4**

**Juror Oath**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

Modern Federal Jury Instructions – Civil 71-4 (Matthew Bender)

**Plaintiff 5**

**Jury To Disregard Court's View**

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

Modern Federal Jury Instructions – Civil 71-5 (Matthew Bender)

**Plaintiff 6**

**Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Modern Federal Jury Instructions – Civil 71-6 (Matthew Bender)

**Plaintiff 7**

**BURDEN OF PROOF**

**Burden of Proof-General Instruction**

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint (e.g., by a preponderance of the evidence). (If applicable: Similarly, with respect to the counterclaims that have been made by the defendant, the burden of proof is upon the defendant to prove the material allegations of those counterclaims (e.g., by a preponderance of the evidence).)

If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant. (If applicable: By the same token, if you find that the defendant has carried his burden of proof with respect to each of the elements of his counterclaims, then you must find for the defendant.)

(If affirmative defense is alleged, add: If upon a consideration of all the facts on the issue of (e.g., the defendant's negligence) you find that the plaintiff has failed to sustain the burden cast upon it, then you should proceed no further and your verdict must be for the defendant. If, however, you find that the plaintiff has sustained the burden on this issue, then you should proceed to consider the issue of (e.g., contributory negligence). In this regard, the burden is upon the defendant to establish the affirmative defense (e.g., of contributory negligence by a preponderance of the evidence).)

If you determine that the defendant has sustained its burden of establishing the affirmative defense, then you should proceed no further and your verdict must be for the defendant. If, however, you find that the plaintiff has established the essential elements of his case and that the defendant has not sustained his burden of the affirmative defense, then you should proceed to consider the issue of damages.

Modern Federal Jury Instructions – Civil 73-1 (Matthew Bender)

**Plaintiff 8**

**Preponderance of the Evidence**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

Modern Federal Jury Instructions – Civil 73-2 (Matthew Bender)

**Plaintiff 9**

**GENERAL EVIDENCE INSTRUCTIONS**

**What Is and Is Not Evidence**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Modern Federal Jury Instructions – Civil 74-1 (Matthew Bender)

**Plaintiff 10**

**Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.

Modern Federal Jury Instructions – Civil 74-2 (Matthew Bender)

**Plaintiff 11**

**Judicial Notice**

I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. You are required to accept these facts as true in reaching your verdict.

Modern Federal Jury Instructions – Civil 74-3 (Matthew Bender)

**Plaintiff 12**

**Stipulation of Facts**

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

Modern Federal Jury Instructions – Civil 74-4 (Matthew Bender)

**Plaintiff 13**

**Interrogatories**

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

(If applicable: One cautionary word on this subject: while you may consider the interrogatory answers as evidence against the party who gave the answers, you may not consider the answers against any other party, nor may you consider the answers as evidence against the party who posed the interrogatory questions. You may only consider the interrogatory answer as evidence against the party who gave the answer.)

Modern Federal Jury Instructions – Civil 74-7 (Matthew Bender)

**Plaintiff 14**

**INFERENCES AND PRESUMPTIONS**

**Inference Defined**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.  There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Modern Federal Jury Instructions – Civil 75-1 (Matthew Bender)

**Plaintiff 15**

**Uncalled Witness Not Equally Available**

You have heard evidence about a witness [in Fifth Circuit: name of witness] who was not called to testify. Counsel for plaintiff (or defendant) has argued that this witness could have given material testimony in this case, and that the defendant (or plaintiff) was in the best position to produce this witness.

If you find that this witness could have been called as a witness by the defendant, and that defendant was in the best position to produce this witness, and that this witness would have given important new testimony, then you are permitted, but not required, to infer that the testimony of this witness would have been unfavorable to the defendant.

In deciding whether to draw this inference, you should consider whether this witness's testimony would merely have repeated other testimony and evidence already before you. You may also consider whether the defendant had a reason for not calling this witness that was explained to your satisfaction.

Any inference you decide to draw should be based on all of the facts and circumstances in this case.

Modern Federal Jury Instructions – Civil 75-3 (Matthew Bender)

**Plaintiff 16**

**WITNESS CREDIBILITY**

**Witness Credibility**

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. (If applicable: It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.) In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

Modern Federal Jury Instructions – Civil 76-1 (Matthew Bender)

**Plaintiff 17**

**Bias**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Modern Federal Jury Instructions – Civil 76-2 (Matthew Bender)

**Plaintiff 18**

**Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

Modern Federal Jury Instructions – Civil 76-3 (Matthew Bender)

**Plaintiff 19**

**Discrepancies in Testimony**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Modern Federal Jury Instructions – Civil 76-4 (Matthew Bender)

**Plaintiff 20**

**Impeachment by Prior Inconsistent Statements**

You have heard evidence that at some earlier time the witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Modern Federal Jury Instructions – Civil 76-5 (Matthew Bender)

**Plaintiff 21**

**DAMAGES**

**Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights. If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him or her for the damage suffered. (If applicable: Damages for a breach of contract should place the wronged party in as good a position as that party would have been if the breaching party had fully performed its obligations under the contract.) (If applicable: Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of a defendant's conduct.)

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensa tory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Modern Federal Jury Instructions – Civil 77-3 (Matthew Bender)

**Plaintiff 22**

**Calculation of Past and Future Damages**[1]

[*As applicable:*]

a. damages accrued:

A prevailing plaintiff is entitled to recover an amount that will fairly and adequately compensate him for any damages sustained to date.

b. calculation of future damages:

If you find that plaintiff is reasonably certain to suffer damages in the future from his injuries then you should award plaintiff such amount as you believe would reasonably compensate plaintiff for such future damages. (In calculating future damages, you should consider the standard table of mortality as compiled by the United States Bureau of the Census.)

c. reduction of future damages to present value:

If you should find that the plaintiff is entitled to a verdict which is based in part on future damages, including future earnings or future pain and suffering, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damages, since the award of future damages necessarily requires that payment be made now for a loss that will actually not be sustained until some future date.

Under these circumstances, the result is that the plaintiff will, in effect, be reimbursed in advance of the loss and will have the use of money which he would not have received until a future date but for the verdict.

In order to make a reasonable adjustment for the present use, interest-free, of money representing a lump sum payment of anticipated future loss, the law requires that the jury discount or reduce to its present worth the amount of the anticipated future loss by taking, one, the interest rate or return which the plaintiff would reasonably expect to receive on the investment of a lump sum payment together with two, the period over which the future loss whatever that amount would reasonably be certain to earn or return if invested at such a rate of interest over such a future period.

Then you should include in your verdict an award for only the present worth, the reduced amount of the total anticipated future loss.

It is not as difficult as it may seem. For example, applying your common sense once again, let us say that a person offered you $100 a year for ten successive years, and that amounts to $1,000, 100 times 10. Now, ask yourselves, what would be the reasonable amount for you to demand and for you to expect him to pay you today that represents the present value of that commitment on his part to pay you $100 a year for ten consecutive years. To compute that figure you would want to know what the interest rate was on the amount that you would be receiving, and how many years you would be collecting that interest. You would make a determination thereby of the

present value of the future loss; and this instruction relates to those items of damages that relate to future loss, not to those items which relate to loss which has already occurred.

Regarding calculating the present value of future wages, you may apply one of two alternative methods. The first method expressly addresses the probable effect of inflation on both future wages and interest rates. Applying this method, you should consider the effect that both inflation and non-related inflation factors, such as increases in productivity and seniority, would have on the plaintiff's future income. Bear in mind that the plaintiff has the burden of proving the likelihood of increased wages stemming from increased productivity. Once their future wages are determined, they should then be discounted by a rate of interest not less than that being currently paid by banks on savings deposits.

The second method, which you may prefer due to its ease of application, determines present value by considering a world in which neither wages nor interest rates would be affected by inflation. Applying this alternative method, you should first determine the plaintiff's future income by considering only those increases in wages which the plaintiff has convinced you that he would have received in the absence of inflation; that is, raises due to increased skill, seniority, and similar factors. Such wages should then be discounted by a rate of interest that would prevail in a world without inflation. Although experts disagree on the subject, the court feels it wise to advise you that historical real interest rates have hovered between 1 and 3 percent. In determining the particular interest rate to apply, however, you are to consider all evidence which suggests that the discount rate will be other than this 1 to 3 percent figure.

d. treatment of taxes:

If you arrive at a verdict in favor of the plaintiff, you may not add any sum of money to the verdict for federal or state income taxes, as the sum recovered by plaintiff is not subject to tax.

Modern Federal Jury Instructions – Civil 77-4 (Matthew Bender)

**Plaintiff 23**

**Punitive Damages**

If you should find that the defendant is liable for the plaintiff's injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages. You may award punitive damages if the plaintiff proves by a preponderance of the evidence that the defendant's conduct was malicious and reckless, not merely unreason able. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future.

The awarding of punitive damages is within your discretion—you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the defendant in fixing the amount of punitive damages (and you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts).

Modern Federal Jury Instructions – Civil 77-5 (Matthew Bender)

**Plaintiff 24**

**AMERICANS WITH DISABILITIES ACT**

**The Statute**

The claim before you is based on 42 U.S.C. § 12112, which is also known as part of the Americans with Disabilities Act or the ADA. This statute provides in part that:

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

Modern Federal Jury Instructions – Civil 88A-1 (Matthew Bender)

**Plaintiff 25**

**Purpose of the Statute**

The purpose of the Americans with Disabilities Act is to eliminate workplace discrimination against individuals with disabilities by providing a clear and comprehensive national policy.

Modern Federal Jury Instructions – Civil 88A-2 (Matthew Bender)

**Plaintiff 26**

**Elements of the Claim**

Under the Americans with Disabilities Act, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that the plaintiff has a disability, as I will define that term for you;

Second, that the plaintiff is a qualified individual, as I will define that term for you;

Third, that the defendant discriminated against plaintiff because of that disability; and

Fourth, that the plaintiff suffered damages as a direct result of that discrimination.

Modern Federal Jury Instructions – Civil 88A-3 (Matthew Bender)

**Plaintiff 27**

**First Element—Plaintiff Has a Disability**

The first element of a claim under the Americans with Disabilities Act is that the plaintiff has a disability. A "disability" is defined by the ADA as a mental or physical impairment that substantially limits the individual in at least one of the major activities of life. I shall now further define these terms for you.

Modern Federal Jury Instructions – Civil 88A-5 (Matthew Bender)

**Plaintiff 28**

**Impairment**

In order to prove that he [or she] has a disability, the plaintiff must first prove by a preponderance of the evidence that he [or she] has a physical or mental impairment.

An impairment is:

(1) Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory, speech, cardiovascular, reproductive, digestive, urinary, immune, blood and circulation, lymphatic or endocrine glands, or skin.

(2) Any mental or physiological disorder, such as intellectual disability (formerly termed "mental retardation"), organic brain syndrome, emotional or mental illness, and specific learning disabilities.

(If applicable: In determining whether the plaintiff has an impairment, you should not consider the effect of any medicine or assistive or prosthetic device which might correct or lessen the effect of the impairment. For example, a person with substantial hearing loss has an impairment, even if that person uses a hearing aid which corrects the problem.)

Modern Federal Jury Instructions – Civil 88A-6 (Matthew Bender)

**Plaintiff 29**

**Major Life Activity**

If you find that the plaintiff has an impairment, then you must determine whether that impairment substantially limits a major life activity. "Major life activities" are the normal activities of living. They include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. Major life activities also include the operations of a major bodily function, including but not limited to functions of the immune system, special sense organs, skin, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, musculoskeletal, endocrine, and reproductive functions.

Modern Federal Jury Instructions – Civil 88A-7 (Matthew Bender)

**Plaintiff 30**

**Substantially Limits**

Finally, to satisfy the first element of an ADA claim, the plaintiff must prove by a preponderance of the evidence that, as a result of the impairment, his [or her] ability to perform major life activity was substantially limited as compared to most people in the general population.

An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting, but not every impairment is considered a substantial limitation. In determining whether an individual is substantially limited in a major life activity, you may consider facts such as the condition under which the individual performs the major life activity; the manner in which the individual performs the major life activity; and/or the duration of time it takes the individual to perform the major life activity, or for which the individual can perform the major life activity.

Modern Federal Jury Instructions – Civil 88A-8 (Matthew Bender)

**Plaintiff 31**

**Plaintiff Is Regarded as Having an Impairment**

Even if plaintiff does not have an impairment that substantially limits a major life activity, he [or she] may still satisfy the first element of his [or her] claim if he [or she] is regarded by the defendant as having an impairment that is not minor and that had an actual or perceived duration of more than six months. It is not necessary for the plaintiff to establish that the impairment limits or is perceived to limit a major life activity.

Modern Federal Jury Instructions – Civil 88A-11 (Matthew Bender)

**Plaintiff 32**

**Second Element—Qualified Individual**

The second element of a claim under the Americans with Disabilities Act is that the plaintiff is a "qualified individual."

To satisfy this element, the plaintiff must prove two things by a preponderance of the evidence: first, that he [or she] is otherwise qualified for the position the plaintiff holds (or desires), and, second, that with or without reasonable accommodation the plaintiff can perform the essential functions of that employment position. I will now define some of these terms for you.

Modern Federal Jury Instructions – Civil 88A-12 (Matthew Bender)

**Plaintiff 33**

**Plaintiff Is Otherwise Qualified for the Position**

As I just stated, to establish that he [or she] is a qualified individual, the first thing the plaintiff must prove is that he [or she] is otherwise qualified for the position. This means that the plaintiff has the requisite skill, experience, education, and other job-related requirements of the employment position involved in this case. If he [or she] cannot satisfy this standard, then the plaintiff is not a qualified individual, even if the reason he [or she] is not qualified is because of the disability, as, for example, where a blind person would be disqualified from driving a bus.

(If applicable: There has been evidence that one requirement of this position is that the plaintiff (e.g., be licensed by the federal Department of Transportation). I charge you that if the plaintiff does not have such a license, then he [or she] cannot be a qualified individual.)

Modern Federal Jury Instructions – Civil 88A-13 (Matthew Bender)

**Plaintiff 34**

**Essential Functions of the Position**

If you find that the plaintiff was otherwise qualified for the position, then the next step is to determine whether he [or she] has proved by a preponderance of the evidence that he was able to perform the essential functions of the employment position with or without reasonable accommodation.

In order to make this determination, you will need to determine what the essential functions of the employment position were. The "essential functions of an employment position" are the basic duties of a job that a person must be able to perform in order to hold a particular position.

A job function may be considered essential for any of several reasons. These include, but are not limited to, the following:

1. the reason the position exists is to perform that function;

2. there are a limited number of employees available among whom the performance of that job function can be distributed; and

3. the job function is highly specialized and the person in that position is hired for his [or her] expertise or ability to perform that particular job function.

In determining whether a particular job function is essential, you may consider the following factors, along with all of the evidence which has been presented to you:

a. the employer's judgment as to which functions of the job are essential;

b. written job descriptions prepared by the employer for advertising or posting the position;

c. written job descriptions prepared by the employer for use in interviewing applicants for the position;

d. the amount of time spent performing the function;

e. the consequences of not requiring the person holding the position to perform the function;

f. the terms of any collective bargaining agreement;

g. the work experience of past employees who have held the position; and

h. the work experience of current employees who hold similar positions.

(If applicable: In this case, there has been evidence that the defendant required certain productivity standards (e.g., typing 75 words per minute) as an essential function of the position. An employer is entitled to establish productivity standards and to impose and enforce them in a nondiscriminatory manner. If you find that the defendant established and regularly enforced this standard, then it is an essential function of the position unless you also find that the defendant established the standard for the purpose of excluding individuals with disabilities.)

The plaintiff, at the time (e.g., of his [or her] termination), must have been able to perform all of the essential functions of the position with or without reasonable accommodation, as I will define that term for you. An employer may not base an employment decision on speculation that the plaintiff's disability might worsen to the extent that the plaintiff would not be a qualified individual at some time in the future. On the other hand, an employer is not required to speculate that an employee's condition will improve if that employee is not able to fulfill all of the essential functions of the position at the time in question.

Modern Federal Jury Instructions – Civil 88A-15 (Matthew Bender)

**Plaintiff 35**

**Third Element—Discrimination**

The third element of a claim under the Americans with Disabilities Act is that the defendant discriminated against the plaintiff because of [his/her] disability.

To satisfy this element, the plaintiff must prove by a preponderance of the evidence that the disability was a determinative factor in the decision to take that adverse action (or in the defendant's failure to make reasonable accommodation as required by the ADA). It need not have been the sole factor, but it must have been a decisive factor, meaning that but for the consideration of the plaintiff's disability, the defendant would not have made the same employment decision.

In order for the disability to have been a determinative factor in the defendant's decision, the defendant must have known that the plaintiff had a disability. This means that the person who made the decision to take the adverse action knew that plaintiff had a disability.

An employer may not terminate an employee because of a disability, but may terminate the employee because the employee is unable to do the job, even if the reason the employee cannot do his job is because of a disability. An employer may also terminate an employee for unacceptable behavior in the workplace, even if that behavior was a result of the employee's disability.

Modern Federal Jury Instructions – Civil 88A-20 (Matthew Bender)

**Plaintiff 36**

**Pretext**

Here, the defendant argues that it took an adverse action against the plaintiff, not because of plaintiff's disability, but for a nondiscriminatory reason. If you find that is true, that would be a complete defense. But if you find that the asserted reason is just a pretext, you may, if you wish, consider whether the real reason was discrimination on the basis of disability. Remember, however, that not all pretexts are designed to conceal discrimination and that it is plaintiff's burden to satisfy you, by a preponderance of the evidence, that the adverse action would not have been taken, except for the defendant's consideration of the plaintiff's disability.

Modern Federal Jury Instructions – Civil 88A-22 (Matthew Bender)

**Plaintiff 37**

**Pretext**

Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose.

Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision.

Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

*Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 147-48 (2000).

**Plaintiff 38**

**Pretext**

A plaintiff may demonstrate pretext through several methods, including by showing that the asserted justifications, even if true, are post hoc rationalizations invented for purposes of litigation.

The fact that an employer has offered different justifications at different times for an adverse employment action is, in and of itself, probative of pretext.

*Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 575-76 (4th Cir. 2015).

**Plaintiff 39**

**Fourth Element—Damages**

If the plaintiff has proved by a preponderance of the evidence that the defendant is liable on the plaintiff's claim, then you must determine the damages, if any, to which the plaintiff is entitled.

Modern Federal Jury Instructions – Civil 88A-27 (Matthew Bender)

**Plaintiff 40**

**Compensatory Damages**

The purpose of damages is to award just and fair compensation for the economic loss, if any, resulting from the defendant's violation of the plaintiff's rights. Compensatory or actual damages seek to make the party whole—that is, to compensate the plaintiff for the financial loss that [he/she] has suffered as a result of the defendant's discriminatory actions. Compensatory damages are not limited merely to expenses that the plaintiff has had to pay. Instead, compensatory damages should fairly and justly compensate the plaintiff for the financial loss he [or she] has suffered, or will suffer in the future, as a result of any discriminatory action by the employer.

If you return a verdict in favor of the plaintiff, then you must award him [or her] such money as you believe will fairly and justly compensate the plaintiff for any financial loss sustained as a direct consequence of the conduct of the defendant.

Modern Federal Jury Instructions – Civil 88A-28 (Matthew Bender)

**Plaintiff 41**

**Nonpecuniary Damages**

In addition to pecuniary damages, a plaintiff who prevails in an ADA action is entitled to damages for the emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish [he/she] has suffered as a result of the defendant's conduct.

You should not award damages for speculative injuries, but only for those that the plaintiff actually suffered as a result of the defendant's conduct or which the plaintiff is reasonably likely to suffer in the near future.

You must also consider whether and to what extent the plaintiff's emotional anguish has been due to a condition that existed prior to (e.g., the termination) or arose from events other than the actions of the employer. The plaintiff cannot recover for these.

Modern Federal Jury Instructions – Civil 88A-29 (Matthew Bender)

**Plaintiff 42**

**Punitive Damages**

If you should find that the defendant is liable for discriminating against the plaintiff in violation of the ADA, then you have the discretion to award punitive damages in addition to compensatory damages. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example to deter others from committing similar acts in the future. You may award punitive damages only if you find that the plaintiff has proved by a preponderance of the evidence that the defendant intentionally engaged in discriminatory actions with malice or with reckless indifference to the rights of the disabled.

It is entirely within your discretion as jurors to determine whether to award punitive damages if the elements I just described have been proved. However, keep in mind that punitive damages are not required to be awarded. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount; it must not reflect bias, prejudice, or sympathy toward any party, but the amount can be as large you believe necessary to fulfill the purpose of punitive damages.

Modern Federal Jury Instructions – Civil 88A-30 (Matthew Bender)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 3, 2019, I filed the foregoing on the Clerk of Court

using CM/ECF, which served notice on:

Jackson S. Nichols, Esq.
Cohen Seglias Greenhall Pallas & Furman PC
1828 L. Street, N.W.
Suite 705
Washington, D.C. 20036
(202) 466-4110
JNichols@CohenSeglias.com

Lars H. Liebeler, Esq. *(admitted pro hac vice)*
Lars Liebeler PC
1828 L. Street, N.W.
Suite 705
Washington, D.C. 20036
(202) 587-4747
LLiebeler@LHL-LawFirm.com

Respectfully Submitted,

/s/Jack Jarrett
Jack Jarrett (VSB #86176)