**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE  DIVISION**

_____   )
                                  )
**MICHAEL DONALDSON,**            )
                                  )
    **Plaintiff,**            )
                                  )
       **v.**            )    **Case No.: 3:18CV00097**
                                  )
**TRAE FUELS, LLC., et al.**      )
                                  )
    **Defendants.**          )
                                  )
_____   )

## PROPOSED JURY INSTRUCTIONS

    Defendants Trae Fuels LLC and EnviroTech Services, Inc. respectfully request that the Court instruct the jury on the law as set forth in the attached instructions.  Defendants reserve the right to modify this submission as necessary to account for pretrial and evidentiary rulings or to conform to the evidence presented at trial.

        Respectfully submitted,

Dated: December 4, 2019        COHEN SEGLIAS PALLAS
        GREENHALL & FURMAN, P.C.

        /s/ Jackson S. Nichols
        _____
        Jackson S. Nichols, Esq.
        (VSB # 87225)
        Cohen Seglias Greenhall Pallas
        & Furman PC
        1828 L. Street, N.W., Suite 705
        Washington, D.C.  20036
        (202) 466-4110
        JNichols@CohenSeglias.com

--and—

/s/ Lars H. Liebeler

_____

Lars H. Liebeler, Esq. *(admitted pro hac vice)*
Lars Liebeler PC
1828 L. Street, N.W.
Suite 705
Washington, D.C. 20036
(202) 774-1510
LLiebeler@LHL-LawFirm.com
*Attorneys for Defendant*
*Trae Fuels LLC*

## Proposed Jury Instruction No. 1

### Juror Attentiveness

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

Modern Federal Jury Instructions – Civil 71-1 (Matthew Bender)

## Proposed Jury Instruction No. 2

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Modern Federal Jury Instructions – Civil 71-2 (Matthew Bender)

## Proposed Jury Instruction No. 3

### Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not Mr. Donaldson has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Modern Federal Jury Instructions – Civil 71-3 (Matthew Bender)

## Proposed Jury Instruction No. 4

### Juror Oath

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

Modern Federal Jury Instructions – Civil 71-4 (Matthew Bender)

**Proposed Jury Instruction No. 5**

**Jury To Disregard Court's View**

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

Modern Federal Jury Instructions – Civil 71-5 (Matthew Bender)

## Proposed Jury Instruction No. 6

### Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Modern Federal Jury Instructions – Civil 71-6 (Matthew Bender)

## Proposed Jury Instruction No. 7

### All Persons Equal Before The Law-Organizations[1]

In your deliberations, you must not consider the fact that Mr. Donaldson is an individual while Trae Fuels is a limited liability corporation.  A limited liability corporation is entitled to the same fair trial as a private individual. It is important to bear in mind that a limited liability corporation can only act through the people it employs and the decisions those people make. All parties in litigation stand equal before the law and  are to be dealt with as equals in a court of justice. You must weigh and consider this case without regard to sympathy, prejudice, or passion against any party to the action. In reaching your verdict, you must not consider anything other than the evidence which has been presented to you in this action. All the parties in this case and the public have the right to expect that you will carefully and impartially consider all the evidence in this case, follow the law as I state it for you, and then reach a just verdict regardless of the consequences.

---

[1] 3B West's Fed. Forms, District Courts-Civil § 4206 (5th ed.), citing O'Malley, et al., Federal Jury Practice and Instructions (5th Ed. 2003) § 103.12.

<u>**Proposed Jury Instruction No. 8**</u>

**Existence of Litigation**

I should also remind you that simply because a defendant is sued does not mean that the defendant is liable. Anyone can file a lawsuit. The fact that Mr. Donaldson has filed this lawsuit against Trae Fuels does not, by itself, mean that Trae Fuels has done anything that the law prohibits. That is for you to decide on the basis of the evidence.

## <u>Proposed Jury Instruction No. 9</u>

### Burden of Proof-General Instruction

This is a civil case and as such the burden is on Mr. Donaldson to establish the material allegations of his complaint.  Therefore, he must prove every essential element of his claim by a preponderance of the evidence.  Conversely, Trae Fuels bears no burden of proof on Mr. Donaldson's claims. Trae Fuels need not prove that it did not discriminate against Mr. Donaldson. Thus, if Mr. Donaldson's proof fails to establish any essential element of his discrimination claim by a preponderance of the evidence, you must find for Trae Fuels.

If, after considering all of the evidence in this case, you find that you cannot decide whether Mr. Donaldson has proven all the essential elements of his claims or, if you feel the evidence presented by both parties is equally probable, then you must find for Defendant Trae Fuels. If, after considering all of the evidence in this case, you are satisfied that Mr. Donaldson has carried his burden on all essential elements of his claim, then you should find for Mr. Donaldson.  I will instruct you on the elements of the law that Mr. Donaldson must separately prove.

**<u>Proposed Jury Instruction No. 10</u>**

**Preponderance of the Evidence**

Mr. Donaldson has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that Mr. Donaldson has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true— then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

Modern Federal Jury Instructions – Civil 73-2 (Matthew Bender)

## Proposed Jury Instruction No. 11

### What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Modern Federal Jury Instructions – Civil 74-1 (Matthew Bender)

## Proposed Jury Instruction No. 12

### Judicial Notice

I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. You are required to accept these facts as true in reaching your verdict.

Modern Federal Jury Instructions – Civil 74-3 (Matthew Bender)

## Proposed Jury Instruction No. 13

### Stipulation of Facts

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

Modern Federal Jury Instructions – Civil 74-4 (Matthew Bender)

## Proposed Jury Instruction No. 14

### Interrogatories

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

Modern Federal Jury Instructions – Civil 74-7 (Matthew Bender)

## Proposed Jury Instruction No. 15

### Inference Defined

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. Mr. Donaldson asks you to draw one set of inferences, while Trae Fuels asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Modern Federal Jury Instructions – Civil 75-1 (Matthew Bender)

## Proposed Jury Instruction No. 16

**Uncalled Witness Not Equally Available**

You have heard evidence about a witness [name of witness] who was not called to testify. Counsel for Mr. Donaldson has argued that [WITNESS] could have given material testimony in this case, and that the Trae Fuels was in the best position to produce [WITNESS].

If you find that [WITNESS] could have been called as a witness by the Trae Fuels, and that Trae Fuels was in the best position to produce [WITNESS], and that [WITNESS] would have given important new testimony, then you are permitted, but not required, to infer that the testimony of [WITNESS] would have been unfavorable to Trae Fuels.

In deciding whether to draw this inference, you should consider whether [WITNESS]'s testimony would merely have repeated other testimony and evidence already before you. You may also consider whether Trae Fuels had a reason for not calling [WITNESS] that was explained to your satisfaction.

Any inference you decide to draw should be based on all of the facts and circumstances in this case.

Modern Federal Jury Instructions – Civil 75-3 (Matthew Bender)

## Proposed Jury Instruction No. 17

### Witness Credibility

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. (If applicable: It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.) In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

Modern Federal Jury Instructions – Civil 76-1 (Matthew Bender)

## Proposed Jury Instruction No. 18

### Bias

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Modern Federal Jury Instructions – Civil 76-2 (Matthew Bender)

## Proposed Jury Instruction No. 19

### Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

Modern Federal Jury Instructions – Civil 76-3 (Matthew Bender)

**<u>Proposed Jury Instruction No. 20</u>**

**Discrepancies in Testimony**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Modern Federal Jury Instructions – Civil 76-4 (Matthew Bender)

**Proposed Jury Instruction No. 21**

**Title VII Introductory Instruction**

In this case Mr. Donaldson makes a claim under the Americans with Disabilities Act, that prohibit employers from discriminating against individuals on the basis of their disabilities.

More specifically, Mr. Donaldson claims that he was terminated by the Defendant Trae Fuels on the basis of his diagnosis of pancreatic cancer.

Trae Fuels denies that Mr. Donaldson was discriminated against or treated unlawfully in any way. Further, Trae Fuels asserts that Mr. Donaldson was terminated for legitimate business purposes, specifically that Mr. Donaldson could not perform to reasonable expectations as a financial controller.

I will now instruct you more fully on the issues you must address in this case.

**<u>Proposed Jury Instruction No. 22</u>**

**American With Disabilities Act**

The claim before you is based on 42 U.S.C. § 12112, which is also known as part of the Americans with Disabilities Act or the ADA. This statute provides in part that:

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

Modern Federal Jury Instructions – Civil 88A-1 (Matthew Bender)

## Proposed Jury Instruction No. 23

### Purpose of the Statute

The purpose of the Americans with Disabilities Act is to eliminate workplace discrimination against individuals with disabilities by providing a clear and comprehensive national policy.

Modern Federal Jury Instructions – Civil 88A-2 (Matthew Bender)

## Proposed Jury Instruction No. 24

### Elements of the Claim

In this case, Mr. Donaldson has alleged that his employment was terminated by the Defendant Trae Fuels as an act of discrimination on the basis of disability.  In order for Mr. Donaldson to establish his claim under the Americans with Disabilities Act for unlawful discrimination as against Trae Fuels, Mr. Donaldson has the burden of proving all the following essential elements by a preponderance of the evidence:

First, that Mr. Donaldson has a disability, as I will define that term for you;

Second, that Mr. Donaldson is a qualified individual, as I will define that term for you;

Third, that the defendant discriminated against Mr. Donaldson because of that disability; and

Fourth, that Mr. Donaldson suffered damages as a direct result of that discrimination.

Modern Federal Jury Instructions – Civil 88A-3 (Matthew Bender)

### Proposed Jury Instruction No. 25

### First Element—Mr. Donaldson Has a Disability

The first element of a claim under the Americans with Disabilities Act is that Mr. Donaldson has a disability. A "disability" is defined by the ADA as a mental or physical impairment that substantially limits the individual in at least one of the major activities of life. I shall now further define these terms for you.

Modern Federal Jury Instructions – Civil 88A-5 (Matthew Bender)

## Proposed Jury Instruction No. 26

### Impairment

In order to prove that he has a disability, Mr. Donaldson must first prove by a preponderance of the evidence that he has a physical or mental impairment.

An impairment is:

(1) Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory, speech, cardiovascular, reproductive, digestive, urinary, immune, blood and circulation, lymphatic or endocrine glands, or skin.

(2) Any mental or physiological disorder, such as intellectual disability (formerly termed "mental retardation"), organic brain syndrome, emotional or mental illness, and specific learning disabilities.

Modern Federal Jury Instructions – Civil 88A-6 (Matthew Bender)

## <u>Proposed Jury Instruction No. 27</u>

### Major Life Activity

If you find that Mr. Donaldson has an impairment, then you must determine whether that impairment substantially limits a major life activity.

"Major life activities" are the normal activities of living.

They include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. Major life activities also include the operations of a major bodily function, including but not limited to functions of the immune system, special sense organs, skin, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, musculoskeletal, endocrine, and reproductive functions.

Modern Federal Jury Instructions – Civil 88A-7 (Matthew Bender)

29

## Proposed Jury Instruction No. 28

### Substantially Limits

Finally, to satisfy the first element of an ADA claim, Mr. Donaldson must prove by a preponderance of the evidence that, as a result of the impairment, his ability to perform a major life activity was substantially limited as compared to most people in the general population.

An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting, but not every impairment is considered a substantial limitation. In determining whether an individual is substantially limited in a major life activity, you may consider facts such as the condition under which the individual performs the major life activity; the manner in which the individual performs the major life activity; and/or the duration of time it takes the individual to perform the major life activity, or for which the individual can perform the major life activity.

Modern Federal Jury Instructions – Civil 88A-8 (Matthew Bender)

## Proposed Jury Instruction No. 29

### Mr. Donaldson Is Regarded as Having an Impairment

Even if Mr. Donaldson does not have an impairment that substantially limits a major life activity, he may still satisfy the first element of his claim if he is regarded by Trae Fuels as having an impairment that is not minor and that had an actual or perceived duration of more than six months. ~~It is not necessary for Mr. Donaldson to establish that the impairment limits or is perceived to limit a major life activity.~~

Modern Federal Jury Instructions – Civil 88A-11 (Matthew Bender)

## Proposed Jury Instruction No. 30

### Second Element—Qualified Individual

The second element Mr. Donaldson must prove to establish his claim under the Americans with Disabilities Act is that he is a "qualified individual."

To satisfy this element, Mr. Donaldson must prove two things by a preponderance of the evidence: first, that he is otherwise qualified for the position of financial controller, and, second, that with or without reasonable accommodation Mr. Donaldson could perform the essential functions of that employment position. I will now define some of these terms for you.

Modern Federal Jury Instructions – Civil 88A-12 (Matthew Bender)

## Proposed Jury Instruction No. 31

### Mr. Donaldson Is Otherwise Qualified for the Position

As I just stated, to establish that Mr. Donaldson is a qualified individual, the first thing he must prove is that he is otherwise qualified for the position of financial controller. This means that Mr. Donaldson has the requisite skill, experience, education, and other job-related requirements of the employment position involved in this case. If he cannot satisfy this standard, then Mr. Donaldson is not a qualified individual, even if the reason he is not qualified is because of the disability, as, for example, where a blind person would be disqualified from driving a bus.

Modern Federal Jury Instructions – Civil 88A-13 (Matthew Bender)

## Proposed Jury Instruction No. 32

### Essential Functions of the Position

If you find that Mr. Donaldson was otherwise qualified for the position, then the next step is to determine whether he has proved by a preponderance of the evidence that he was able to perform the essential functions of the employment position with or without reasonable accommodation.

In order to make this determination, you will need to determine what the essential functions of the employment position were. The "essential functions of an employment position" are the basic duties of a job that a person must be able to perform in order to hold a particular position.

A job function may be considered essential for any of several reasons.

Mr. Donaldson, at the time his termination, must have been able to perform all of the essential functions of the position with or without reasonable accommodation, as I will define that term for you. An employer may not base an employment decision on speculation that Mr. Donaldson's disability might worsen to the extent that Mr. Donaldson would not be a qualified individual at some time in the future. On the other hand, an employer is not required to speculate that an employee's condition will improve if that employee is not able to fulfill all of the essential functions of the position at the time in question.

Modern Federal Jury Instructions – Civil 88A-15 (Matthew Bender)

**Proposed Jury Instruction No. 33**

**Third Element—Discrimination**

The third element of a claim under the Americans with Disabilities Act Mr. Donaldson is required to prove is that Trae Fuels discriminated against Mr. Donaldson because of his disability.

To satisfy this element, Mr. Donaldson must prove by a preponderance of the evidence that the disability was a determinative factor in the decision to take that adverse. It need not have been the sole factor, but it must have been a decisive factor, meaning that "***but for***" the consideration of Mr. Donaldson's disability, Trae Fuels would not have made the same employment decision.

In order for the disability to have been a determinative factor in Trae Fuels' decision, Trae Fuels must have known that Mr. Donaldson had a disability. This means that the person who made the decision to take the adverse action knew that Mr. Donaldson had a disability.

An employer may not terminate an employee because of a disability, but may terminate the employee because the employee is unable to do the job, even if the reason the employee cannot do his job is because of a disability. An employer may also terminate an employee for unacceptable behavior in the workplace, even if that behavior was a result of the employee's disability.

Finally, because Mr. Donaldson was an "at-will" employee, Trae Fuels could terminate his employment for any reason, as long as a disability was not a decisive factor.

Modern Federal Jury Instructions – Civil 88A-20 (Matthew Bender)

35

## Proposed Jury Instruction No. 34

### Mr. Donaldson's Subjective Belief[2]

Any generalized or conclusory testimony presented by Mr. Donaldson regarding his own perceptions of the appropriate decision or subjective belief that his treatment was the result of discrimination is insufficient to prove by a preponderance of the evidence that he was the victim of discrimination.

---

[2] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68-69, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006) (standard is of a *reasonable* employee to avoid uncertainty and unfair discrepancies associated with subjective feelings); *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992), *cert. denied*, 510 U.S. 826 (1993)*; see also, Sumner v. United States Postal Services* 899 F.2d 203, 209 (2d. Cir. 1990); *Gagne v. Northwestern Nat'l Life Ins. Co*., 881 F.2d 309, 311 (6th Cir. 1989); *Creech v. The Ohio Cas. Ins. Co*., 944 F. Supp. 1347 (S.D. Ohio 1996); *Ayela-Gerena v. Bristol Myers-Squibb Co*., 95 F.3d 86, 96 (1st Cir. 1996); *Simpson v. Midland-Ross Corp*., 823 F.2d 937 (6th Cir. 1987).

## Proposed Jury Instruction No. 35

### Pretext[3]

If you find that Mr. Donaldson has succeeded in establishing a *prima facie* case of discrimination, you must also consider the reasons Trae Fuels gave for its decision to terminate Mr. Donaldson's employment.

In this case, witnesses for Trae Fuels testified that Mr. Donaldson's employment was terminated on August 20, 2014 solely on the basis of Mr. Donaldson's inability to competently perform the work required of a financial controller at a large manufacturing facility.

Trae Fuels believed that Mr. Donaldson's job performance at Trae Fuels was substandard well *before* his May 2014 cancer diagnosis, and that his poor performance continued *after* his cancer diagnosis.  He was provided with multiple re-training opportunities and support.  But, he was thereafter placed on probation for poor performance on June 4, 2014 and given a specific "scorecard" to guide improvements in his work product.  He failed to improve his work performance was terminated on August 20.

Under the law, Trae Fuels does not have to prove that the reasons for its decision were good reasons, that they were justifiable reasons, or that they were reasons with which you would agree. To the contrary, Trae Fuels is not required to prove anything at this stage.

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973) *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993).

<u>**Proposed Jury Instruction No. 36**</u>

**Mr. Donaldson's Burden To Demonstrate Pretext[4]**

Mr. Donaldson must prove to you by a preponderance of the evidence that Trae Fuels non-discriminatory reasons for his termination are a pretext for discrimination. In order to show pretext, Mr. Donaldson has the burden to point to some evidence, direct or circumstantial, from which you, as factfinder, can reasonably either (1) disbelieve the Trae Fuels' articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the Trae Fuels' action.[5]

The mere fact that Mr. Donaldson was terminated approximately three months after he was diagnosed with cancer is insufficient to prove the required discriminatory motive. Mr. Donaldson must prove that his diagnosis of cancer—and not failure to perform his responsibilities as financial controller competently—was the sole reason in the decision to terminate his employment. Unless you find that Trae Fuels terminated Mr. Donaldson solely because of his cancer diagnosis, your verdict must be for Trae Fuels.

If Mr. Donaldson fails to meet that burden to demonstrate pretext, he cannot recover on his discrimination claim, and your verdict must be for Trae Fuels. This means that if you find that Trae Fuels would have terminated Mr. Donaldson's employment regardless of his cancer diagnosis, then Trae Fuels' conduct cannot be deemed discriminatory and your verdict must be for Trae Fuels.

---

[4] *Conner v. Ass'n of Flight Attendants-CWA*, No. CIV.A. 13-2464, 2014 WL 6973298, at *3 (E.D. Pa. Dec. 10, 2014), citing *University of Texas Southwestern Medical Center v. Nassar*, ―― U.S. –――, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013).
[5] *Fuentes v. Perskie,* 32 F.3d 759, 764 (3d Cir. 1994)

### Proposed Jury Instruction No. 37

**Disagreement is Not Pretext**

You have heard testimony that Mr. Donaldson disagreed with the criticisms he received while working at Trae Fuels prior to his termination.  Mr. Donaldson's disagreements with his employer do not establish pretext nor do they in and of themselves establish discrimination.  Your duties as jurors is **_not_** to sit to appraise Trae Fuel's appraisal of Mr. Donaldson.  Your sole concern is to determine whether the reason for which Trae Fuels discharged Mr. Donaldson was discriminatory.  You are not to sit as a "super-personnel" department to weigh the prudence of Trae Fuels decision to terminate Mr. Donaldson's employment.

*DeJarnette v. Corning, Inc.,* 133 F.3d 293, 299 (4th Cir. 1998)

*Hawkins v. Pepsico, Inc.,* 203 F.3d 274 (4th Cir. 2000)

**Proposed Jury Instruction 38**

**Proof of Pretext**

Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose.

Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision.

Thus, a Mr. Donaldson's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

*Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 147-48 (2000).

In assessing whether the reasons Trae Fuels and EnviroTech have given for his termination are not just incorrect, but actually "false," Mr. Donaldson must present facts showing that the Company's explanation for his termination is "so incoherent, weak, inconsistent, or contradictory that a rational factfinder could conclude the reason [is] unworthy of belief."
*Young v. Dillon Cos. Inc.,* 468 F.3d 1243, 1250 (10th Cir. 2006).

In evaluating performance, it is the perception of the decision maker which is relevant.
*Johnson v. Mechanics & Farmers Bank*, 309 F. App'x 675, 683 n.8 (4th Cir. 2009); *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980)).

The Company's justification for termination must be found to be "unworthy of credence."
*Morgan v. Wells Fargo Bank, N.A.,* 585 Fed. Appx. 152, 153 (4th Cir. 2014)

At this last step, the burden to demonstrate pretext merges with the ultimate burden of actually determining if Mr. Donaldson has been the victim of intentional discrimination."

*Lettieri v. Equant Inc.*, 478 F.3d 640, 646-47 (4th Cir. 2007)

## Proposed Jury Instruction No. 39

### Fourth Element—Damages

If Mr. Donaldson has proved by a preponderance of the evidence that Trae Fuels is liable on Mr. Donaldson's claim, then you must determine the damages, if any, to which Mr. Donaldson is entitled.

Modern Federal Jury Instructions – Civil 88A-27 (Matthew Bender)

**<u>Proposed Jury Instruction No. 40</u>**

**Compensatory Damages**

The purpose of damages is to award just and fair compensation for the economic loss, if any, resulting from the defendant's violation of Mr. Donaldson's rights. Compensatory or actual damages seek to make the party whole—that is, to compensate Mr. Donaldson for the financial loss that he has suffered as a result of the Trae Fuels' discriminatory actions. Compensatory damages are not limited merely to expenses that Mr. Donaldson has had to pay. Instead, compensatory damages should fairly and justly compensate Mr. Donaldson for the financial loss he has suffered, or will suffer in the future, as a result of any discriminatory actions of Trae Fuels.

If you return a verdict in favor of Mr. Donaldson, then you must award him such money as you believe will fairly and justly compensate Mr. Donaldson for any financial loss sustained as a direct consequence of the conduct of the Trae Fuels.

Modern Federal Jury Instructions – Civil 88A-28 (Matthew Bender)

## Proposed Jury Instruction No. 41

### Duty to Mitigate

Mr. Donaldson has the duty to mitigate his damages—that is, to take reasonable steps that would reduce the damages. If he fails to do so, then he is not entitled to recover any damages that he could reasonably have avoided incurring. Trae Fuels has the burden of proving by a preponderance of the evidence that Mr. Donaldson failed to take such reasonable steps.

The duty to mitigate damages includes the duty to seek other comparable employment. If you find that Mr. Donaldson did not make reasonable efforts to find comparable employment, then you shall award him no lost pay. However, if Mr. Donaldson persuades you by a preponderance of the evidence that he made reasonable efforts to find comparable employment, then Trae Fuels has the burden of persuading you by a preponderance of the evidence that substantially equivalent jobs were nevertheless available in the relevant geographic area and that Mr. Donaldson failed to use reasonable diligence to obtain such employment. If Trae Fuels does so persuade you, then you shall deduct from any lost pay award those amounts that you find Mr. Donaldson could have earned by exercising reasonable diligence in a search for suitable employment.

## Proposed Jury Instruction No. 42

### Nonpecuniary Damages

In addition to pecuniary damages, a Mr. Donaldson who prevails in an ADA action is entitled to damages for the emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish he has suffered as a result of Trae Fuels' conduct.

You should not award damages for speculative injuries, but only for those that Mr. Donaldson actually suffered as a result of Trae Fuels' conduct or which Mr. Donaldson is reasonably likely to suffer in the near future.

You must also consider whether and to what extent Mr. Donaldson's emotional anguish has been due to a condition that existed prior to (e.g., the termination) or arose from events other than the actions of the employer. Mr. Donaldson cannot recover for these.

Modern Federal Jury Instructions – Civil 88A-29 (Matthew Bender)

## Proposed Jury Instruction No. 43

### Punitive Damages

If you should find that the defendant is liable for discriminating against Mr. Donaldson in violation of the ADA, then you have the discretion to award punitive damages in addition to compensatory damages. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example to deter others from committing similar acts in the future. You may award punitive damages only if you find that Mr. Donaldson has proved by a preponderance of the evidence that the defendant intentionally engaged in discriminatory actions with malice or with reckless indifference to the rights of the disabled.

It is entirely within your discretion as jurors to determine whether to award punitive damages if the elements I just described have been proved. However, keep in mind that punitive damages are not required to be awarded. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount; it must not reflect bias, prejudice, or sympathy toward any party, but the amount can be as large you believe necessary to fulfill the purpose of punitive damages.

Modern Federal Jury Instructions – Civil 88A-30 (Matthew Bender)

## Proposed Jury Instruction No. 44

### Effect of Instructions As To Damages[6]

You should not interpret the fact that I have given you instructions about compensatory or punitive damages or lost wages, as an indication in any way that I believe Mr. Donaldson should, or should not, win this case. The instructions I have given you on the measure of damages are given only for our guidance and are to be applied only in the event that you should find in favor of Mr. Donaldson on her claim by a preponderance of the evidence, in accordance with the other instructions I have given you. If you decide that Mr. Donaldson is not entitled to prevail with respect to any of her claims, you shall go no further.

---

[6] 3B West's Fed. Forms, District Courts-Civil § 4227 (5th ed.), citing O'Malley, Grenig & Lee, 3 Federal Jury Practice & Instructions 5th § 106.02.

### Proposed Jury Instruction No. 45

### Deliberations[7]

When you retire to the jury room to deliberate, you may take with you these instructions, your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone like Blackberries or iPhones, or computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

---

[7] Third Circuit Model Instruction 3.1.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages.  Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it  in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

## CERTIFICATE OF SERVICE

This is to certify that I have on December 4, 2014 served all the parties in this case with this **Defendant's Proposed Jury Instructions** in accordance with the notice of electronic filing ("ECF"), which was generated as a result of electronic filing in this court.


/s/ Lars H. Liebeler

_____

Lars H. Liebeler, Esq.